# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TYRUS NELSON**, an individual, | Case No. 3:25-cv-01497-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| **WELLS FARGO BANK, N.A.**, | |
| Defendant. | |

Tyrus Nelson, Oregon City, OR 97045. Pro Se.

Kelsey M. Benedick, Brett E. Applegate & Kelly H. Dove, Snell & Wilmer LLP, 601 SW Second Avenue, Ste 2000, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Wells Fargo Bank, N.A.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant's Motion to Dismiss ("Motion"), ECF 17. For the following reasons, this Court GRANTS Defendant's Motion and dismisses Plaintiff Tyrus Nelson's Amended Complaint, ECF 15, with prejudice.

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO DISMISS

**BACKGROUND**[1]

Nelson held a consumer credit card account issued by Wells Fargo. Amended Complaint, ECF 15 ¶ 9. On or about October 19, 2025, Wells Fargo notified Nelson that the bank closed his credit card account because of "an alleged default on a separate Wells Fargo loan account." *Id.* ¶¶ 12–13. After closing the credit card account, Wells Fargo continued to issue billing statements and demand monthly payments from Nelson on his credit card balance. *Id.* ¶ 14. Nelson alleges that Wells Fargo has not provided him "a post-closure accounting explaining how the balance is calculated, what contractual authority permits continued billing, or how enforcement survives termination of" his credit card account. *Id.* ¶ 15. Nelson has experienced "confusion, distress, and financial harm" since the closure of the account. *Id.* ¶ 16. Wells Fargo "continues to treat" Nelson's closed credit card account "as enforceable for payment purposes." *Id.* ¶ 17.

On August 21, 2025, Nelson filed this lawsuit. Complaint, ECF 1. Defendant moved to dismiss, and this Court dismissed the Complaint with leave to amend, finding that the Complaint's "claims and their legal basis are incomprehensible." ECF 14. On January 2, 2026, Nelson filed an Amended Complaint, raising three claims against Wells Fargo. ECF 15 ¶¶ 19–18. Wells Fargo moved to dismiss all three claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Motion, ECF 17 at 6–10. Nelson filed a response in opposition ("Response"), ECF 20, and Wells Fargo filed a reply brief ("Reply"), ECF 23.

**STANDARDS**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a plaintiff's claim based on "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are

---

[1] This Court takes Plaintiff's allegations, summarized here, as true.

PAGE 2 – OPINION AND ORDER GRANTING MOTION TO DISMISS

sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must "accept as true all well-pleaded allegations of material fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), and "examine the allegations of the complaint as a whole." *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). Courts need not, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is self-represented, so this Court will construe the pleadings in his favor and afford him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But this Court may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

## DISCUSSION

Nelson's amended complaint raises three claims for (1) declaratory judgment under 28 U.S.C. § 2201; (2) equitable accounting under state law; and (3) unfair and deceptive collection practices under Oregon's Unlawful Trade Practices Act. Amended Complaint, ECF 15 ¶¶ 19–28; *see* Response, ECF 20 at 3 (clarifying nature of third claim as arising under Oregon statute). The Amended Complaint fails to state a claim upon which relief can be granted as to all three claims, and therefore this Court grants Wells Fargo's motion to dismiss. Furthermore, because Nelson has already had an opportunity to amend his original Complaint, ECF 1, and yet "it is clear that the [amended] complaint could not be saved by [further] amendment," this Court dismisses the Amended Complaint without leave to amend. *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021) (citation modified).

As to Nelson's second claim for an equitable accounting, Nelson does not plead any of the "alternative bases on which a party may be entitled to an equitable accounting": "(1) the existence of a trust; (2) the existence of a fiduciary relationship between the parties; (3) the accounting is incidental to other equitable relief; and (4) 'the account is so complex that justice

PAGE 3 – OPINION AND ORDER GRANTING MOTION TO DISMISS

cannot be done without resort to the superior equipment of the equity court.'" *Woody v. Fred Meyer Stores, Inc.*, No. 22-cv-01800, 2024 WL 261755, at *6 (D. Or. Jan. 24, 2024) (quoting *Flaherty v. Bookhultz*, 207 Or. 462, 466–67 (1955)). There is no existence of a trust in this case. There cannot be a fiduciary relationship based on "arms-length relationships between a bank and a customer or between a borrower and a creditor." *Bonilla v. Credit One Bank, Nat'l Ass'n*, No. 24-cv-00837, 2024 WL 3596959, at *2 (citation modified). The accounting is not incidental to other equitable relief, and lastly, Nelson does not and cannot allege that the credit card account is so complex as "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As to Nelson's third claim for unfair and deceptive collection practices under Oregon's Unlawful Trade Practices Act ("UTPA"), *see* Or. Rev. Stat. § 646.638(1), Nelson must allege that "(1) [Wells Fargo] committed an unlawful trade practice under [Or. Rev. Stat. §] 646.608; (2) [Nelson] suffered an ascertainable loss of money or property; and (3) [Nelson's] loss was caused by [Wells Fargo's] unlawful trade practice." *Bohr v. Tillamook Cnty. Creamery Ass'n*, 373 Or. 343, 348–49 (2025). In addition, Nelson must plead that Wells Fargo "willful[ly]" committed an unlawful practice under Or. Rev. Stat. § 646.608. Or. Rev. Stat. § 646.638(1). Here, Nelson does not allege that Wells Fargo committed any unlawful trade practice under Or. Rev. Stat. § 646.608, let alone that Wells Fargo did so willfully. Moreover, Section 646.608 does not prohibit the closing of a consumer credit card account following the "default on a separate [bank] loan account." Amended Complaint, ECF 15 ¶ 13. Nor does Section 646.608 prohibit a bank's "demand [of] monthly payments," *id.* ¶ 14, on an outstanding credit card balance. In short, Nelson's UTPA claim "could not be saved by amendment." *Lund*, 5 F.4th at 973 (citation modified).

PAGE 4 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Finally, as to Nelson's first claim for declaratory judgment under the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, Wells Fargo is correct that "the Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Therefore, because Nelson's second and third claims fail as a matter of law, Nelson's declaratory judgment claim also fails as a matter of law. Likewise, since "amendment would be futile" for Nelson's second and third claims, amendment would also be futile for the first claim. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

## CONCLUSION

Defendants' Motion to Dismiss, ECF 17, is GRANTED, and Plaintiff's Amended Complaint, ECF 15, is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED this 20th day of March, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – OPINION AND ORDER GRANTING MOTION TO DISMISS